UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 1:26-cv-21747-LEIBOWITZ

JAIME FLORENCIO QUIB ICAL,

　　　*Petitioner,*

*v.*

WARDEN, KROME SERVICE
PROCESSING CENTER, *et al.,*

　　　*Respondents.*

_____/

## ORDER

**THIS CAUSE** comes before the Court on the Government's Response to Order to Show Cause [ECF No. 7], filed on April 2, 2026.  The Government has argued that the Petition must be denied because, *inter alia,* Petition is detained under 8 U.S.C. § 1231(a)(6).  [*Id.* at 6–7].  The Court agrees with Respondents that Petitioner is not entitled to a bond hearing or release from detention.

## I.　　FACTUAL BACKGROUND

On March 16, 2026, *pro se* Petitioner Jaime Florence Quib Ical ("Petitioner") filed this Petition for a Writ of Habeas Corpus.  [ECF No. 1].  Petitioner is a native and citizen of Guatemala.  [ECF No. 7-1 at 1].  Petitioner arrived in the United States at an unknown location and unknown date.  [*Id.*].  On September 16, 2025, Petitioner was encountered at the Desoto County Jail in Arcadia, Florida after being arrested for driving without a license.  [ECF No. 7-2 at 2].  Prior to this encounter, on October 2, 2024, Petitioner was convicted driving under the influence and sentenced to twelve months of probation.  [*Id.*]  On September 16, 2025, Enforcement and Removal Operations ("ERO") issued Petitioner a Warrant for Arrest of Alien.  [ECF No. 7-3 at 1].  The following day, Petitioner was taken into Immigration and Customs Enforcement ("ICE") custody and served a Notice of Custody Determination.  [ECF No. 7-5 at 1].  On that same date, ICE ERO issued Petitioner a Notice to

Appear, charging him with inadmissibility pursuant to 8 U.S.C. § 1182(a)(6)(A)(i), as an alien present in the United States without being admitted or paroled, or who arrived in the United States at a time or place other than as designated by the Attorney General.  [ECF No. 7-1 at 1].

On February 18, 2026, the Immigration Judge denied Petitioner's request for a custody redetermination.  [ECF No. 7-6 at 1].  On that same date, the Immigration Judge found Petitioner inadmissible as charged and ordered him removed to Guatemala.  [ECF No. 7-8 at 3].  Petitioner reserved appeal but did not file an appeal with the Board of Immigration Appeals.  [Declaration of Deportation Officer Kristy Zamir ("Zamir. Decl."), ECF No. 7-7 ¶ 13; *see also* ECF No. 7-8 at 4].  On March 10, 2026, Petitioner's second request for custody redetermination was denied.  [ECF No. 7-9 at 1].

On March 16, 2026, Petitioner filed this Petition, challenging his detention under 8 U.S.C. § 1231.  [ECF No. 1].  On March 27, 2026, Petitioner was transferred from the Krome North Service Processing Center to the Adams County Correctional Center in Natchez, Mississippi.  [ECF No. 7-4]. Petitioner remains in ICE custody at the Adams County Correctional Center.  [*Id.*].

## II.    LEGAL STANDARD

District courts have the authority to grant writs of habeas corpus.  *See* 28 U.S.C. § 2241(a). Habeas corpus is fundamentally "a remedy for unlawful executive detention."  *Munaf v. Geren*, 553 U.S. 674, 693 (2008) (citation omitted).  A writ may be issued to a petitioner who demonstrates that he is being held in custody in violation of the Constitution or federal law.  *See* 28 U.S.C. § 2241(c)(3).  The Court's jurisdiction extends to challenges involving immigration-related detention.  *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III.    DISCUSSION

Petitioner moves for habeas relief and argues that his detention is unlawful, citing *Zadvydas* from the Supreme Court.  [ECF No. 1 ¶ 13].  But Petitioner challenges a post-removal detention

2

order, which calls for a specific period of detention before seeking relief under established principles of this Circuit.  For the reasons stated, Petitioner's request is premature and must be denied.

Section 1231(a) of the INA applies to aliens who are subject to a final order of removal.  *See* 8 U.S.C. § 1231(a).  When an alien is ordered removed, "the Attorney General shall remove the alien from the United States within a period of 90 days[,]" which is known as the "removal period."  *Id.* Once the order of removal is finalized, the Government should do its best to execute removal during the ninety-day period.  *See Zadvydas*, 533 U.S. at 699–701.  But sometimes the Government does not timely remove the petitioner, so the indefinite detention of an alien "raises serious constitutional concerns."  *Sosa v. Warden, Baker Corr. Inst.*, No. 26-cv-51, 2026 WL 592434, at *2 (M.D. Fla. Mar. 3, 2026).  "The Supreme Court in *Zadvydas* held that six months is a presumptively reasonable period to detain a removable alien awaiting deportation."  *Id.*

To obtain relief from a post-removal order of detention under the *Zadvydas* framework, a petitioner must: "(1) show that he's been detained for more than six months; and (2) establish that there's no significant likelihood of removal in the foreseeable future."  *Flores-Reyes v. Assistant Field Off. Dir.*, No. 26-cv-20226, 2026 WL 406708, at *2 (S.D. Fla. Feb. 13, 2026) (Altman, J.) (citing *Akinwale v. Ashcroft*, 287 F.3d 1050, 1052 (11th Cir. 2002).

Here, Petitioner was ordered removed on February 18, 2026, so this challenge is governed by *Zadvydas*.  [*See* Zamir Decl., ECF No. 7-7 ¶ 12; *see also* ECF No. 7-9 at 1].  The instant Petition was filed on March 16, 2026.  [*See* ECF No. 1].  As such, his one-month detention falls far short of the time required to receive the benefit of the *Zadvydas* presumption of unreasonableness.  Petitioner's request is premature.  *See Flores-Reyes*, 2026 WL 406708, at *2 (dismissing habeas petition as premature because the post-removal order detention did not exceed six months).

## IV.     CONCLUSION

Accordingly, it is **ORDERED AND ADJUDGED** as follows:

1. The Petition [**ECF No. 1**] is **DENIED**.

2. The *Clerk* is **DIRECTED** to **CLOSE** this case. All deadlines are **TERMINATED**, and any pending motions are **DENIED** as moot.

3. The *Clerk* is *further* **DIRECTED** to mail a copy of this Order to Petitioner.

**DONE AND ORDERED** in the Southern District of Florida, on April 7, 2026.

_____
DAVID S. LEIBOWITZ
UNITED STATES DISTRICT JUDGE

cc:      counsel of record
         Jamie Florencio Quib Ical, *Pro Se*
         A# 221452648
         Krome North Service Processing Center
         Inmate Mail/Parcels
         18201 SW 12th Street
         Miami, FL 33194